Miguel CAMPOS VILLAGOMEZ,
Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–72625.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2005.**

Decided June 7, 2005.

Alejandro Garcia, City of Commerce, CA, for Petitioner.

Miguel Campos Villagomez, Compton, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Allen W. Hausman, Attorney, Andrew M. Eschen, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LAY,\*\*\* REINHARDT, and THOMAS, Circuit Judges.

### MEMORANDUM \*\*\*\*

Miguel Campos–Villagomez petitions for review of the denial of his motion to reopen by the Board of Immigration Appeals ("BIA"). In light of our decisions in *Zazueta–Carrillo v. Ashcroft*, 322 F.3d 1166 (9th Cir.2003), and *de Martinez v. Ashcroft*, 374 F.3d 759 (9th Cir.2004), we deny his petition.

In an order dated November 7, 2002, the BIA affirmed the order of the immigration judge, which found Campos–Villagomez removable and granted him sixty days to depart voluntarily. The BIA granted him an additional thirty days, until December 7, 2002, in which to voluntarily depart. On February 5, 2003, Campos–Villagomez filed a motion to reopen seeking to adjust his status on account of his marriage to a U.S. citizen. The BIA denied that motion, without reaching its merits, in an order dated June 17, 2003. It held that Campos–Villagomez was statutorily ineligible for the relief sought because he had stayed beyond the thirty-day period allotted and was therefore ineligible for adjustment of status for a period of ten years under 8 U.S.C. § 1229c(d). Campos–Villagomez contends that the BIA abused its discretion in denying his motion to reopen because he was entitled to file a motion to reopen within 90 days of the date of entry of a final order of removal and did file his motion to reopen within this period. *See* 8 U.S.C. § 1229a(c)(6)(A)-(C)(i); 8 C.F.R. § 1003.2(c)(2). He further argues that the BIA's decision violated the Equal Protection Clause. *See* U.S. Const. amend. XIV, § 1.

Our recent decisions have held that, under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), when an alien files a timely motion to reopen within his voluntary departure period, that period is equitably tolled pending the BIA's decision, at least when a stay of removal or stay of voluntary departure is requested. *Azarte v. Ashcroft*, 394 F.3d 1278, 1289 (9th Cir. 2005). Under such circumstances, the BIA abuses its discretion when it denies a motion to reopen on the basis that the alien failed to depart. *Id.* However, where, as here, the alien files his motion to reopen *after* his voluntary departure period has expired, the law in this circuit is clear that the BIA may properly deny the motion on this basis. *De Martinez*, 374 F.3d at 763; *Zazueta–Carrillo*, 322 F.3d at 1174. Furthermore, we have held that Congress' decision to allow aliens who were denied voluntary departure to file motions to reopen within the ninety day period but not to allow aliens to do so if they have been granted a voluntary departure period of sixty days or less and have failed to depart within the authorized period is not wholly irrational and therefore does not violate the Equal Protection Clause. *de Martinez*, 374 F.3d at 764. Therefore, the petition for review is denied.

### PETITION DENIED

---

\*\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.